FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 21, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STEPAN VAKULICH, individually; PETRO DERKACH, individually; B.D., a minor child, by and through Petro Derkach, as Guardian/Natural parent of minor child; and V.D., a minor child, by and through Petro Derkach, as Guardian/Natural parent of minor child,<br><br>Plaintiffs,<br><br>v.<br><br>TANGELARENEE FREEMAN and "JOHN DOE" FREEMAN; and INTRA CITY DISPATCH, INC., a domestic profit corporation doing business in the State of Washington,<br><br>Defendants. | No.   1:21-cv-03065-SMJ<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO REMAND AND DENYING DEFENDANTS' MOTION TO COMPEL** |

Before the Court is Plaintiffs' Motion to Remand Case to State Court, ECF No. 5, and Defendants' Motion to Compel Discovery, ECF No. 9. Plaintiff sued Defendants in Kittitas County Superior Court for negligence arising out of a car accident. ECF No. 1-1. Defendants removed the case to federal court on May 7, 2021 based on diversity jurisdiction. ECF No. 1.

ORDER GRANTING PLAINTIFFS' MOTION TO REMAND AND DENYING DEFENDANTS' MOTION TO COMPEL – 1

Plaintiff argues that this Court should remand this matter to state court because this Court does not have subject-matter jurisdiction. Having reviewed the record and pleadings in this matter, this Court is fully informed and grants the Motion for Remand and denies the Motion to Compel.

## LEGAL STANDARD

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A defendant may remove an action from state court to federal court when "the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). "The notice of removal of a civil action or proceeding shall be filed withing 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading." 28 U.S.C. § 1446(b)(1). "[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or had become removable."[1] 28

---

[1] The time for removal under 28 U.S.C. § 1446 "is imperative and mandatory, must be strictly complied with, and is to be narrowly construed." *United States ex rel. Walker v. Gunn*, 511 F.2d 1024, 1026 (9th Cir. 1975); *see also O'Halloran v. Univ. of Wash.*, 856 F.2d 1375, 1380 (9th Cir. 1988) ("[S]ection 1441 is strictly construed against removal."). Although courts have, as Defendants point out, recently "softened the strictness" of this principle, the underlying federalism concerns remain. *See Myer v. Nitetrain Coach Co.*, 459 F. Supp. 2d 1074, 1076 (W.D. Wash.

ORDER GRANTING PLAINTIFFS' MOTION TO REMAND AND DENYING DEFENDANTS' MOTION TO COMPEL – 2

U.S.C. § 1446(b)(3).[2] Courts must employ a "strong presumption against removal jurisdiction" and must reject federal jurisdiction "if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citation omitted). The party seeking removal "has the burden to prove, by a preponderance of the evidence, that removal is proper." *Geographic Expeditions, Inc. v. Estate of Lhotka*, 599 F.3d 1102, 1106–07 (9th Cir. 2010). "If at any time before final judgment, it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

District courts "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different states." 28 U.S.C. § 1332. The removing defendant must show that the case meets the $75,000.00 amount-in-controversy requirement. *See* 28 U.S.C. §§ 1332(a), 1446(c); *Geographic Expeditions, Inc.*, 599 F.3d at 1106–07. In general, the defendant's notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. *See Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 553–54 (2014). But if the

---

2006) (citing *Murphy Bros. Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 355 (1999).

[2] "A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1).

ORDER GRANTING PLAINTIFFS' MOTION TO REMAND AND DENYING DEFENDANTS' MOTION TO COMPEL – 3

plaintiff challenges the defendant's allegation regarding the amount in controversy, the removing defendant bears the burden to demonstrate jurisdiction by a preponderance of the evidence. *See id.*; *Geographic Expeditions*, 599 F.3d at 1106–07.

## DISCUSSION

**A.  Defendants have not shown that the amount in controversy exceeds $75,000 per Plaintiff[3]**

In Washington State, plaintiffs cannot include a statement of damages in their complaint. Wash. Rev. Code § 4.28.360. Defendants will thus in many cases have to look beyond the complaint to determine whether the amount in controversy exceeds the jurisdictional amount. "A settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim."[4] *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002). In this case, Plaintiffs' demand letter, sent to defense counsel before filing their Complaint in state court, demanded $60,040.83 in damages for Plaintiff Vakulich and $50,398.13

---

[3] Neither party disputes that complete diversity exists between Plaintiffs and Defendants. *See* ECF Nos. 1, 5; *see also Carden v. Arkoma Assocs.*, 494 U.S. 185, 187 (1990).

[4] The Ninth Circuit "reject[ed] the argument that Fed. R. Evid. 408 prohibits the use of settlement offers in determining the amount in controversy. Rule 408 disallows use of settlement letters to prove 'liability for or invalidity of the claim or its amount.' . . . Rule 408 is inapplicable because this evidence was not offered to establish the amount of [Defendants'] liability, but merely to indicate [Plaintiffs'] assessment of the value" of their claims. *Cohn*, 281 F.3d at 840 n.3.

ORDER GRANTING PLAINTIFFS' MOTION TO REMAND AND DENYING DEFENDANTS' MOTION TO COMPEL – 4

1  in damages for Plaintiff Derkach—including general damages for pain and
2  suffering, disability, and loss of enjoyment of life. ECF No. 8 at 39–40, 48. Each
3  demand is well below the jurisdictional amount. Given that settlement demand
4  letters often inflate a plaintiff's claims, the demand letter in this case appears to
5  show that Plaintiffs value their claims below the jurisdictional amount. *See Cohn*,
6  281 F.3d at 840; *see also Babcock v. ING Life Ins. & Annuity Co.*, No. 12-CV-5093-
7  TOR, 2012 U.S. Dist. LEXIS 126091, at *6 (E.D. Wash. Sept. 5, 2012);
8  *Echelbarger v. Brookdale Living Cmtys. Of WA-PP, LLC*, No. CV-10-401-RHW,
9  2010 U.S. Dist. LEXIS 131738, at *3 (E.D. Wash. Dec. 2, 2010).

10  Defendants point to Plaintiffs' refusal to admit that all their injuries have
11  resolved and other allegations of lasting injuries as evidence that the amount in
12  controversy exceeds the amount in the demand letter. ECF No. 26 at 5, 8–9; *see*
13  *also* ECF No. 15-3 at 5, 12; ECF No. 1-1 at 3–4. But without more, the Court finds
14  that Defendants have not shown, by a preponderance of the evidence, that the
15  amount in controversy meets the jurisdictional requirement. On the record before
16  this Court, this case is not removable, and Defendants have not received any "other
17  paper from which it may be ascertained that the case is one which is or has become
18  removable." *See* 28 U.S.C. § 1446(b)(3). If Defendants received any such paper,
19  the thirty-day period for removal would start to run at that time. *Id.*
20  //

ORDER GRANTING PLAINTIFFS' MOTION TO REMAND AND DENYING
DEFENDANTS' MOTION TO COMPEL – 5

**B.    The Court declines to permit discovery related to the jurisdictional amount**

Defendants are correct that this Circuit's precedent allows consideration of "summary-judgment-type evidence relevant to the amount in controversy" on a motion to remand. *See Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). And "some courts have suggested that it may be appropriate to allow discovery relevant to the jurisdictional amount prior to remanding." *Gibson v. Chrysler Corp.*, 261 F.3d 927, 948 (9th Cir. 2001). But even if the Court *can* allow such discovery, case law does not *require* it. *See Abrego v. Dow. Chem. Co.*, 443 F.3d 676, 691 (9th Cir. 2006) ("[A]n appellate court will not interfere with the trial court's refusal to grant [jurisdictional] discovery except upon the clearest showing that the dismissal resulted in actual and substantial prejudice to the litigant." (quoting *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430 n.24 (9th Cir. 1977) (alteration in original)). This discretion is consistent with the importance of "guarding against premature and protective removals and minimizing the potential for a cottage industry of removal litigation." *Id.* (quoting *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005).

The Court considers both parties' failure to comply with procedural requirements. First, Plaintiffs failed to respond to Defendants' request for a statement of damages under Washington Revised Code § 4.28.360 within the

ORDER GRANTING PLAINTIFFS' MOTION TO REMAND AND DENYING DEFENDANTS' MOTION TO COMPEL – 6

1 prescribed fifteen days. *See* ECF No. 8 at 50–51, 54–55; ECF No. 27. Plaintiffs
2 have not provided an adequate explanation for this failure. *See* ECF Nos. 14, 27 &
3 28. But Defendants failed to certify in their motion to compel that they "in good
4 faith conferred or attempted to confer with the other affected parties in an effort to
5 resolve the dispute without court action." *See* ECF No. 9; *see also* LCivR 37; Fed.
6 R. Civ. P. 37; Fed. R. Civ. P. 26. Although Defendants assert that discussions to
7 authorize discovery would be futile, such bold determinations do not alleviate the
8 requirements of the procedural rules. *See* ECF No. 27. Additionally, Defendants did
9 not limit their discovery requests to the issue of damages. *See* ECF No. 8 at 58–
10 109. Instead, the general interrogatories discuss a variety of issues related to both
11 liability and damages in this case.

12    As described above, Plaintiffs' demand letter sought a settlement well below
13 the jurisdictional amount. Even though Plaintiffs did not respond to the request for
14 a statement of damages in state court, Defendants' removal was premature. *See*
15 *Abrego*, 443 F.3d at 691 ("On these facts, it is well within the court's discretion to
16 remand to state court rather than ordering jurisdictional discovery, with the
17 knowledge that later-discovered facts may prompt a second attempt at removal.").
18 The Court therefore declines to order discovery in this case and remands on the
19 record before it.
20 //

ORDER GRANTING PLAINTIFFS' MOTION TO REMAND AND DENYING
DEFENDANTS' MOTION TO COMPEL – 7

**C.    Attorney Fees**

   **1.    Motion to Remand**

Plaintiffs ask that this Court to award attorney fees and costs associated with the motion to remand. ECF No. 5 at 9–10. Under 28 U.S.C. § 1447(c), "an order remanding the case *may* require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." (emphasis added). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) *only* where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140 (2005) (emphasis added).

This Court must decide, then, not "whether removal was improper, but on the reasonableness of removal." *Madrid v. Mitchell Int'l Inc*, No. 2:20-cv-382-RSL-DWC, 2020 U.S. Dist. LEXIS 138682, at *11 (W.D. Wash. June 25, 2020) (citing *Martin*, 546 U.S. at 137, 141). Removal is thus not objectively unreasonable solely because the removing party was unsuccessful, "or else attorney's fees would always be awarded whenever remand is granted." *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008). Instead, this Court must decide "whether the relevant case law clearly foreclosed the defendant's basis for removal" *Id.* at 1066.

ORDER GRANTING PLAINTIFFS' MOTION TO REMAND AND DENYING DEFENDANTS' MOTION TO COMPEL – 8

Defendants removed this case in a misguided attempt to preserve their ability to do so, because thirty days had nearly elapsed since Plaintiffs served them with the Complaint. *See* ECF No. 7 at 9; *see also* ECF No. 1. Defendants did so because Plaintiffs did not respond to their request for a statement of damages within fifteen days as required by statute. *See* Wash. Rev. Code § 4.28.360. Because Plaintiffs did not provide an adequate explanation for this failure and because this Court finds Defendants' interpretation of the deadline in 28 U.S.C. § 1446 reasonable, the Court declines to grant attorney fees for the motion to remand.

### 2. Motion to Compel

Under Federal Rule of Civil Procedure 37, the Court

> must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(B).

Accordingly, by no later than one week from the date of this Order, Plaintiffs may file an accounting of costs and fees incurred in responding to the motion to compel. By no later than two weeks from the date of this Order, Defendants may file any opposition to the payment of fees or the award requested. By no later than one week after Defendants file any opposition, Plaintiffs may file a reply.

ORDER GRANTING PLAINTIFFS' MOTION TO REMAND AND DENYING DEFENDANTS' MOTION TO COMPEL – 9

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiffs' Motion to Remand Case to State Court, **ECF No. 5**, is **GRANTED**.

2. Defendants' Motion to Compel Discovery, **ECF No. 9**, is **DENIED**.

3. This case is **REMANDED** to state court.

4. Plaintiffs' request for attorney fees associated with the motion to remand, **ECF No. 5 at 9–10**, is **DENIED**.

   A. All parties shall bear their own costs and attorney fees associated with the motion to remand.

5. Plaintiffs may file an accounting of the costs and fees associated with the motion to compel, ECF No. 9, **by no later than one week from the date of this Order**.

   A. Defendants may file any opposition to the payment of fees or the amount requested **by no later than two weeks from the date of this Order**.

   B. Plaintiffs may file any reply **by no later than one week after Defendants file their opposition**.

6. All pending motions are **DENIED AS MOOT**.

7. All hearings and other deadlines are **STRICKEN**.

//

8. The Clerk's Office is directed to **CLOSE** this file.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 21st day of July 2021.

_____
SALVADOR MENDOZA, JR.
United States District Judge